James STACHAN et al., Appellants,

v.

Thomas WEBER et al., Appellees.

CHAUFFEURS UNION LOCAL NO. 265, Appellant,

v.

Thomas WEBER et al., Appellees.

Nos. 75–1211 and 75–1423.

United States Court of Appeals,
Ninth Circuit.

May 24, 1976.

Duane Beeson (argued), Brundage, Neyhart, Beeson & Tayer, San Francisco, Cal., for appellants.

Paul Aaron Harris, San Francisco, Cal. (argued), for appellees.

## OPINION

Before CHAMBERS and ELY, Circuit Judges, and CURTIS, District Judge.*

PER CURIAM:

These consolidated appeals are from the granting of preliminary injunctions restraining the appellants from interfering with appellees' attendance at union membership meetings. The appellees are members of the union, in good standing.

The initial portion of the agenda for the union's business meetings includes a joint flag salute and pledge of allegiance. The appellees refused to participate and remained standing silently. The union undertook to bar the appellees from attending the beginning portion of the meeting. When the appellees refused to leave, the union adjourned the meeting. This practice has continued.

The question presented is whether the Bill of Rights provisions of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 411(a)(1) and 411(a)(2), prevent the union from applying the challenged sanction, and, conversely, whether the appellees have the right to engage in their questioned conduct at a union meeting.

The District Court correctly held that the union cannot exclude appellees from the meeting. The exclusion would clearly violate the equal rights section of the Act, 29 U.S.C. § 411(a)(1). Moreover, the congressional grant of free speech in 29 U.S.C. § 411(a)(2) protects the conduct of the appellees, however offensive that conduct may have been to other members of the union. There was no showing that the union as a labor institution would be seriously harmed by the failure of appellees to salute the flag or join in the pledge of allegiance. Thus, the union's restriction on their rights of expression is void. *Cf. Salzhandler v. Caputo,* 316 F.2d 445 (2d Cir.), *cert. denied,* 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963).

AFFIRMED.

---

* Honorable Jesse W. Curtis, Senior United States District Judge, Los Angeles, California, sitting by designation.